UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE MENDEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | **1:17-cv-00555-LJO-JLT (PC)** <br><br> **ORDER SETTING SETTLEMENT CONFERENCE** |

Defense counsel has responded to this Court's order referring the case to the post-screening ADR project, indicating that a settlement conference may be beneficial in this case. (Docs. 37, 38.) The Court concurs; therefore, this case will be set for a settlement conference before the undersigned at the U. S. District Court, 510 19th Street, Bakersfield, California 93301 in Courtroom #6 on January 22, 2019, at 9:30 a.m.

In accordance with the above, the Court **ORDERS**:

1. A settlement conference is set for January 22, 2019, at 9:30 a.m., before Magistrate Judge Jennifer L. Thurston at the U. S. District Court, 510 19th Street, Bakersfield, California 93301.
2. Plaintiff shall appear at the settlement conference via video conference. A separate order and *writ of habeas corpus ad testificandum* will issue.

1

3. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

5. Defendants are directed to submit confidential settlement statements no later than January 15, 2019 to jltorders@caed.uscourts.gov. Plaintiff may send his confidential settlement statement to the court at the above address so it arrives no later than January 15, 2019. The envelope shall be marked "Confidential Settlement Statement." If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e). Parties are also directed to file a "Notice of Submission of Confidential Settlement Statement." (*See* L.R. 270(d).)

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c. A summary of the proceedings to date.

   d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

   e. The relief sought.

   f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

   g. A brief statement of each party's expectations and goals for the settlement conference.

   h. To the extent that Doe Defendants are named and their identities can be ascertained, defense counsel shall indicate the names of the Doe Defendants; and,

   i. Defense counsel shall indicate whether he/she knows of the location of the defendants.

6. The Clerk of Court shall serve a copy of this order via email to ADR Coordinator Sujean Park.

IT IS SO ORDERED.

Dated: __**December 6, 2018**__              _____/s/ Jennifer L. Thurston____
                                                                   UNITED STATES MAGISTRATE JUDGE