UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE MENDEZ, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | **1:17-cv-00555-LJO-JLT (PC)**<br><br>**ORDER RESETTING SETTLEMENT CONFERENCE**<br><br>**DATE: March 18, 2019**<br>**TIME: 9:30 a.m.** |

The settlement conference previously set for January 22, 2019, was vacated due to the government shutdown. (See Doc. 43.) With the shutdown now over, the Court **ORDERS**:

1. The settlement conference is reset for March 18, 2019, at 9:30 a.m., before Magistrate Judge Jennifer L. Thurston at the U. S. District Court, 510 19th Street, Bakersfield, California 93301.

2. Plaintiff shall appear at the settlement conference via telephone. A separate order and *writ of habeas corpus ad testificandum* will issue.

3. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline

4. **No later than February 25, 2019**, Plaintiff **SHALL** submit to Defendants, by mail, a written itemization of damages and a meaningful settlement demand, which includes a brief explanation of why such a settlement is appropriate, not to exceed ten pages in length.

5. **No later than March 4, 2019**, Defendants **SHALL** respond, by telephone or in person, with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate. If settlement is achieved, defense counsel is to immediately inform the Courtroom Deputy of Magistrate Judge Thurston.

6. If settlement is not achieved informally, Defendants are directed to submit confidential settlement statements **no later than March 11, 2019** to the following email address: jltorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement to the court at the above address so it arrives **no later than March 11, 2019**. The envelope shall be marked "Confidential Settlement Statement." Parties shall also file a "Notice of Submission of Confidential Settlement Statement." (*See* Local Rule 270(d).)

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.
   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of

---

Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

|   |   |
|---|---|
| 1 | prevailing on the claims and defenses; and a description of the major issues in |
| 2 | dispute. |
| 3 | c. An estimate of the cost and time to be expended for further discovery, pretrial, and |
| 4 | trial. |
| 5 | d. The party's position on settlement, including present demands and offers and a |
| 6 | history of past settlement discussions, offers, and demands. |
| 7 | e. A brief statement of each party's expectations and goals for the settlement |
| 8 | conference, including how much a party is willing to accept and/or willing to pay. |
| 9 | f. If the parties intend to discuss the joint settlement of any other actions or claims |
| 10 | not in this suit, give a brief description of each action or claim as set forth above, |
| 11 | including case number(s) is applicable. |

IT IS SO ORDERED.

Dated: **February 14, 2019**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE