McGREGOR W. SCOTT
United States Attorney
JEFFREY J. LODGE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for United States and its employees Ghotra, Awad, Rivera, Mendoza, Lake, Lozano, Marlow, Cisneros, Amos, Quintero, and Gramm

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE MENDEZ, JR., | Case No. 1:17-cv-00555-LJO-JLT (PC) |
| Plaintiff, | |
| v. | |
| UNITED STATES, et al., | |
| Defendants. | |

**EX PARTE REQUEST TO EXPAND PAGE LIMITS
FOR DEFENDANTS' LEGAL MEMORANDUM; [PROPOSED] ORDER**

The United States and its employees Ghotra, Awad, Rivera, Mendoza, Lake, Lozano, Marlow, Cisneros, Amos, Quintero, and Gramm (collectively "defendants") request leave to file a brief or legal memorandum that exceeds twenty-five (25) pages.

1. Felipe Mendez, Jr. ("Mendez"), a federal prisoner proceeding in propria persona, filed a complaint seeking damages for dental medical malpractice against the United States pursuant to the Federal Tort Claims Act ("FTCA"). Mendez essentially alleges a Bureau of Prisons ("BOP") dentist, Dr. Harjeet Ghotra, pulled the wrong tooth. Additionally, Mendez seeks to impose personal liability against Dr. Ghotra and ten (10) other BOP employees, Dr. Awad, Rivera, Mendoza, Warden Lake, Lozano, Marlow, Cisneros, Amos, Quintero, and Gramm (collectively "defendants"), under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971), for deliberate indifference

under the Eighth Amendment. Mendez claims retaliation under the First Amendment against five (5) of these BOP employees, Quintero, Gramm, Amos, Cisneros, and Marlow.

2. Plaintiff's complaint is forty-two (42) pages. Doc. 21.

3. The Findings and Recommendations allowing the matter to proceed is twenty-eight (28) pages. Doc. 22.

4. This Court has a standing order that provides:

> Unless prior leave of Court is obtained seven days before the filing date, all moving and opposition briefs or legal memorandum in civil cases shall not exceed 25 pages. Reply briefs filed by moving parties shall not exceed 10 pages. Briefs that exceed the page limitations or are sought to be filed without leave may not be considered. If combined supporting papers or opposition papers exceed 25 pages, the parties are required to submit a complete set of all papers as a chambers courtesy copy, properly tabbed and fastened.

5. The expansive nature of the complaint and claims against eleven (11) defendants and three types of claims provides cause to enlarge the page limitation to thirty-five (35) pages. The alternative is to break up the motion into two, three, or eleven separate motions. This would be somewhat duplicative and inefficient. The undersigned will be as succinct as possible. A table of contents will be provided.

6. In light of the foregoing, and to enable the United States Attorney's Office to address the defendants' responses in a coordinated manner, it is respectfully requested that the Court extend the page limitation in this case to thirty-five (35) pages.

Respectfully submitted,

Dated: April 26, 2019

McGREGOR W. SCOTT
United States Attorney

By: /s/Jeffrey J. Lodge
JEFFREY J. LODGE
Assistant U.S. Attorney
Attorneys for the United States

///
///
///
///
///

EX PARTE REQUEST TO EXPAND PAGE LIMITS
FOR DEFENDANTS' LEGAL MEMORANDUM; [PROPOSED] ORDER     2

# ORDER

The Defendants' request to exceed the 25-page limit by 10 pages is **GRANTED**.

IT IS SO ORDERED.

    Dated:   **April 26, 2019**           **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE