UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE MENDEZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | **Case No.: 1:17-cv-00555-LJO-JLT (PC)**<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND SPANISH INTERPRETER;**<br><br>**(2) GRANTING PLAINTIFF'S MOTION TO EXPAND PAGE LIMITS,**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME, AND**<br><br>**(4) DIRECTING DEFENDANTS TO SUBMIT AMENDED REPLY WITHIN FOURTEEN DAYS**<br><br>**(Docs. 52, 62, 64)**<br><br>**14-DAY DEADLINE** |

Plaintiff has filed a motion to expand page limits for his opposition to defendants' motion for summary judgment. Defendants oppose the motion, and plaintiff seeks an extension of time to file his reply to that opposition. Plaintiff's motion to expand will be granted, and his related request for an extension of time will be denied as moot.

Also pending is a request by plaintiff for appointment of counsel and a Spanish interpreter. Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C.

1

§ 1983, and district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits and his ability to articulate his claims in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Similarly, the court is unable to provide plaintiff with an interpreter. Plaintiff must seek assistance at the prison if he cannot complete his court filings in English on his own. Lewis v. Casey, 518 U.S. 343, 356 (1996).

Accordingly, the Court **ORDERS**:

1. Plaintiff's motion for appointment of counsel and motion for Spanish interpreter (Doc. 52) is **DENIED**;
2. Plaintiff's motion to expand page limits (Doc. 62) is **GRANTED**;
3. Plaintiff's motion for extension of time (Doc. 64) is **DENIED** as moot; and
4. Defendants may file an amended reply to their motion for summary judgment within fourteen days from the date of this order.

IT IS SO ORDERED.

Dated: **December 4, 2019**         **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE

2