UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE MENDEZ, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Defendants. | **1:17-cv-00555-NONE-JLT (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY**<br><br>**(Doc. 66)** |

Plaintiff has filed a motion to stay this action until he is released from the Special Housing Unit or for an order to allow plaintiff access to his legal documents. (Doc. 66.) He contends that he has been unable to access these documents since he was placed in the SHU on November 23, 2019.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); accord Stone v. I.N.S., 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.' " (Breyer, J., dissenting) (quoting Landis, 299 U.S. at 254)). A court's decision to grant a stay is discretionary, "dependent upon the

1

circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 432 (2009). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55. The movant bears the burden of showing the circumstances justify a stay. Id. at 433-34; see Clinton v. Jones, 520 U.S. 681, 708 (1997). The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." Id. at 255.

In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254–55).

On review, the Court finds no basis to grant plaintiff's motion. There is presently no action required by any party during consideration of defendants' May 10, 2019, motion for summary judgment, which plaintiff opposed on October 15, 2019, and which is now fully briefed. In addition, plaintiff's motion does not justify his alleged need for access to his legal documents while he awaits resolution of the summary judgment motion. Accordingly, the Court DENIES plaintiff's motion to stay.

IT IS SO ORDERED.

   Dated: __**March 3, 2020**__            _____/s/ Jennifer L. Thurston_____
                                                                         UNITED STATES MAGISTRATE JUDGE